FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 11, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBBIE JO L.,[1]<br>                    Plaintiff,<br><br>        vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>                    Defendant. | No. 2:20-cv-00034-MKD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

motion, ECF No. 15, and grants Defendant's motion, ECF No. 16.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(b), 416.920(b).

     If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  *Id.*

     At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6    404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7    analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing work that he or she has performed in

10    the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11    If the claimant is capable of performing past relevant work, the Commissioner

12    must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13    If the claimant is incapable of performing such work, the analysis proceeds to step

14    five.

15    At step five, the Commissioner considers whether, in view of the claimant's

16    RFC, the claimant is capable of performing other work in the national economy.

17    20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18    the Commissioner must also consider vocational factors such as the claimant's age,

19    education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20    416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

1  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

3  work, analysis concludes with a finding that the claimant is disabled and is

4  therefore entitled to benefits.  *Id.*

5        The claimant bears the burden of proof at steps one through four above.

6  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

7  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

8  capable of performing other work; and 2) such work "exists in significant numbers

9  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

10  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

11                          **ALJ'S FINDINGS**

12        On September 6, 2017, Plaintiff applied both for Title II disability insurance

13  benefits and Title XVI supplemental security income benefits alleging a disability

14  onset date of September 6, 2014.  Tr. 40, 107, 199-211.  The applications were

15  denied initially, and on reconsideration. Tr. 139-46; Tr. 149-54.  Plaintiff appeared

16  before an administrative law judge (ALJ) on February 8, 2019.  Tr. 54-82.  On

17  April 3, 2019, the ALJ denied Plaintiff's claim.  Tr. 37-53.

18        At step one of the sequential evaluation process, the ALJ found Plaintiff,

19  who met the insured status requirements through December 31, 2019, has not

20  engaged in substantial gainful activity since September 6, 2014.  Tr. 42.  At step

two, the ALJ found that Plaintiff has the following severe impairments: obesity, lymphedema, sarcoidosis with asthma and obstructive sleep apnea, non-alcoholic fatty liver, and a depressive disorder.  Tr. 42.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 43. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] requires a sit-stand option, defined as change from a sitting position to a standing position, or vice versa, every 30 minutes for up to five minutes if necessary/at her discretion while remaining at the work station; no foot control operations; no crouching, kneeling, or climbing of ladders, ropes, or scaffolds; only occasional stooping and climbing of ramps and stairs; no exposure to temperature extremes (hot or cold), extreme wetness or humidity, or pulmonary irritants such as fumes, dust, odors, gases, or poorly ventilated areas (found in an industrial settings); and no work involving moving or dangerous machinery/equipment or unprotected heights.

Tr. 44.

At step four, the ALJ found Plaintiff is able to perform her past relevant work as an officer assistant/helper.  Tr. 47.  The ALJ did not make an alternative step five determination.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  Tr. 48.

ORDER - 7

On November 22, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 15 at 13.

## DISCUSSION

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 15 at 13-16. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

ORDER - 8

1  "The claimant is not required to show that [the claimant's] impairment could

2  reasonably be expected to cause the severity of the symptom [the claimant] has

3  alleged; [the claimant] need only show that it could reasonably have caused some

4  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

5        Second, "[i]f the claimant meets the first test and there is no evidence of

6  malingering, the ALJ can only reject the claimant's testimony about the severity of

7  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

8  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

9  omitted).  General findings are insufficient; rather, the ALJ must identify what

10  symptom claims are being discounted and what evidence undermines these claims.

11  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.

12  Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

13  explain why it discounted claimant's symptom claims)).  "The clear and

14  convincing [evidence] standard is the most demanding required in Social Security

15  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.

16  Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

17        Factors to be considered in evaluating the intensity, persistence, and limiting

18  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

19  duration, frequency, and intensity of pain or other symptoms; 3) factors that

20  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

ORDER - 9

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 45.

### 1.  Lack of Significant Treatment

The ALJ found Plaintiff's lack of significant treatment was inconsistent with

her symptom claims.  *Id.*  An unexplained, or inadequately explained, failure to

seek treatment or follow a prescribed course of treatment may be considered when

evaluating the claimant's subjective symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638

(9th Cir. 2007).  And evidence of a claimant's self-limitation and lack of

motivation to seek treatment are appropriate considerations in determining the

ORDER - 10

1  credibility of a claimant's subjective symptom reports.  *Osenbrock v. Apfel*, 240

2  F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th

3  Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking

4  treatment).  When there is no evidence suggesting that the failure to seek or

5  participate in treatment is attributable to a mental impairment rather than a

6  personal preference, it is reasonable for the ALJ to conclude that the level or

7  frequency of treatment is inconsistent with the alleged severity of complaints.

8  *Molina*, 674 F.3d at 1113-14.  Additionally, evidence of "conservative treatment"

9  is sufficient to discount a claimant's testimony regarding the severity of an

10  impairment.  *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007) (citing *Johnson v.

11  Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (treating ailments with an over-the-

12  counter pain medication is evidence of conservative treatment sufficient to

13  discount a claimant's testimony regarding the severity of an impairment)); *see also

14  Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that the ALJ

15  permissibly inferred that the claimant's "pain was not as all-disabling as he

16  reported in light of the fact that he did not seek an aggressive treatment program"

17  and "responded favorably to conservative treatment including physical therapy and

18  the use of anti-inflammatory medication, a transcutaneous electrical nerve

19  stimulation unit, and a lumbosacral corset").

20

The ALJ noted Plaintiff has not pursued significant treatment for her conditions, even lymphedema, the condition she alleges is the most disabling.  Tr. 45.  While Plaintiff argues she has sought and followed the prescribed treatment and that no additional treatment was recommended, ECF No. 15 at 14-15, ECF No. 17 at 5, the medical records demonstrate Plaintiff sought limited treatment for most of her conditions, and she generally reported improvement with conservative treatment.  Plaintiff had a period of at least ten months from 2016 to 2017 where she did not seek treatment for her lymphedema.  Tr. 45, 395.  Plaintiff attended physical therapy in 2018, with reported improvement in her lymphedema and sarcoidosis symptoms.  Tr. 46 (citing Tr. 472-85).  Plaintiff's provider also recommended diet, exercise, compression socks, massages, and elevating her legs.  Tr. 45-46, 355-56.

Plaintiff's fatty liver was treated with diet, exercise and weight loss, and it was noted as stable and not worsening.  Tr. 46, 357, 368, 513.  Although Plaintiff was diagnosed with sleep apnea in 2003, she reported not using a CPAP machine from 2010 through 2017, although she again obtained a CPAP machine before her 2019 hearing.  Tr. 46, 72, 415.  Plaintiff sought limited treatment for her asthma, and in 2017, she reported she had not needed her albuterol, and her condition had been stable.  Tr. 46, 438.  While Plaintiff alleged she experienced dizziness and shortness of breath due to sarcoidosis, there are limited references to sarcoidosis in

the medical records, and she reported improvement in her symptoms with the use

of an inhaler.  Tr. 45-46, 259, 355.  Plaintiff also sought limited mental health

treatment, initially declining medication but later taking medication and reporting

improvement in her symptoms.  Tr. 46 (citing Tr. 378, 381, 387).  On this record,

the ALJ reasonably concluded that Plaintiff's lack of significant treatment was

inconsistent with her allegations.  This finding is supported by substantial evidence

and was a clear and convincing reason to discount Plaintiff's symptoms

complaints.

    *2.  Inconsistent Statements*

       The ALJ found Plaintiff made inconsistent statements about her symptoms

and limitations.  Tr. 45.  In evaluating a claimant's symptom claims, an ALJ may

consider the consistency of an individual's own statements made in connection

with the disability-review process with any other existing statements or conduct

under other circumstances.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

(The ALJ may consider "ordinary techniques of credibility evaluation," such as

reputation for lying, prior inconsistent statements concerning symptoms, and other

testimony that "appears less than candid.").  Plaintiff failed to challenge this

reasoning in her opening brief, thus any challenge is waived and the Court may

decline to review it.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155,

1161 n.2 (9th Cir. 2008).  However, the Court finds the ALJ reasonably concluded

that Plaintiff made inconsistent statements about her impairments.

The ALJ noted that while Plaintiff testified that she needs to elevate her legs

essentially all day, she also testified she is unable to sit or stand/walk for prolonged

periods of time.  Tr. 45, 61-62.  The ALJ found these two statements are

inconsistent with one another.  Tr. 45.  However, Plaintiff testified that she both

lies down or sits in her recliner, because she is unable to sit for too long, and she

elevates her legs in the bed as well.  Tr. 62.  Thus, these two statements are not

inconsistent.  However, as the ALJ gave other clear and convincing reasons to

reject Plaintiff's claims, any error would be harmless.  *See Carmickle.*, 533 F.3d at

1162-63.

The ALJ also noted that while Plaintiff alleges disability in part due to

sarcoidosis, fatty liver disease, sleep apnea, PTSD, and depression, Plaintiff

confirmed those conditions did not keep her from working.  Tr. 45, 64, 233.  While

Plaintiff argues lymphedema is her primary disabling condition and the fact that

her other conditions did not prevent her from working is immaterial to her case,

ECF No. 17 at 4, the ALJ reasonably considered the inconsistency in Plaintiff

alleging disability due to non-disabling conditions.  As discussed *supra,* Plaintiff

received limited treatment for her impairments, and generally reported

improvement with conservative treatment.  Plaintiff was also able to work for years

ORDER - 14

despite having been diagnosed with several of the conditions; for example, she was

diagnosed with sarcoidosis in 1996, and diagnosed with sleep apnea in 2003, but

worked until 2014 despite the conditions.  Tr. 46, 355.  This was a clear and

convincing reason to reject Plaintiff's symptom claims.

### 3.  Work History

The ALJ found Plaintiff's allegations inconsistent with her work history.  Tr.

45.  An ALJ may consider that a claimant stopped working for reasons unrelated to

the allegedly disabling condition when weighing the claimant's symptom reports.

*Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  Plaintiff failed to

challenge this reasoning in her opening brief, thus any challenge is waived and the

Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.  However,

the Court finds the ALJ reasonably concluded that Plaintiff's work history is

inconsistent with her allegations.

The ALJ noted that Plaintiff stopped working because her position was

temporary and ended, and she did not seek new employment at that time because

she was moving to Washington.  Tr. 45.  Plaintiff reported attending college

shortly before moving to Washington, and that she had planned to use her degree

to obtain employment, and discussed potentially returning to work in Washington.

Tr. 389.  While Plaintiff argues she stopped work due to lymphedema symptoms,

she testified she developed lymphedema during her last job, but it ended because it

ORDER - 15

1  was temporary, not because she stopped working due to lymphedema.  *See* ECF

2  No. 17 at 3 (citing Tr. 62).

3        The ALJ gave clear and convincing reasons, supported by substantial

4  evidence, to reject Plaintiff's symptom claims.

5  **B. Medical Opinion Evidence**

6        Plaintiff contends the ALJ erred in his consideration of the opinions of

7  Caitlin Miller, PA-C, and John Arnold, Ph.D.  ECF No. 15 at 16-17.  As an initial

8  matter, for claims filed on or after March 27, 2017, new regulations apply that

9  change the framework for how an ALJ must evaluate medical opinion evidence.

10  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

11  168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

12  The new regulations provide that the ALJ will no longer "give any specific

13  evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL

14  168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a),

15  416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all

16  medical opinions or prior administrative medical findings from medical sources.

17  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating

18  the persuasiveness of medical opinions and prior administrative medical findings

19  include supportability, consistency, relationship with the claimant (including

20  length of the treatment, frequency of examinations, purpose of the treatment,

ORDER - 16

extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3)

ORDER - 17

1  through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[2]

2  However, when two or more medical opinions or prior administrative findings

3  _____

4  [2] The parties disagree over whether Ninth Circuit case law continues to be

5  controlling in light of the amended regulations, specifically whether an ALJ is still

6  required to provide specific and legitimate reasons for discounting a contradicted

7  opinion from a treating or examining physician.  ECF No. 15 at 16-17, ECF No. 16

8  at 10-12.  The Court finds resolution of this question unnecessary to the disposition

9  of this case.  "It remains to be seen whether the new regulations will meaningfully

10  change how the Ninth Circuit determines the adequacy of the an ALJ's reasoning

11  and whether the Ninth Circuit will continue to require that an ALJ provide 'clear

12  and convincing' or 'specific and legitimate reasons' in the analysis

13  of medical opinions, or some variation of those standards." *Allen T. v. Saul*, No.

14  EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

15  2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

16  (W.D. Wash. Apr. 9, 2020)). "Nevertheless, the Court is mindful that it must defer

17  to the new regulations, even where they conflict with prior judicial precedent,

18  unless the prior judicial construction follows from the unambiguous terms of the

19  statute and thus leaves no room for agency discretion.'" *Allen T.,* at *3 (citing *Nat'l*

20  *Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82

ORDER - 18

1  "about the same issue are both equally well-supported ... and consistent with the

2  record ... but are not exactly the same," the ALJ is required to explain how "the

3  other most persuasive factors" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

4  416.920c(b)(3).

5      *1.  Ms. Miller*

6      On October 19, 2017, Ms. Miller, a treating certified physician assistant,

7  examined Plaintiff and provided an opinion on Plaintiff's functioning.  Tr. 407-17.

8  Ms. Miller diagnosed Plaintiff with lymphedema of the lower extremity,

9  sarcoidosis, obstructive sleep apnea, and non-alcoholic fatty liver.  Tr. 408.  Ms.

10  Miller opined Plaintiff's lymphedema moderately interferes with Plaintiff's ability

11  to stand and walk; her other conditions do not limit her activities; and she is

12  capable of medium exertion work.  Tr. 407-08.  Ms. Miller recommended Plaintiff

13  keep her legs elevated, she wear compression stockings, and she diet and exercise.

14  Tr. 415-16.  The ALJ found Ms. Miller's opinion somewhat persuasive, but found

15  in light of Plaintiff's impairments, a more limited RFC than a medium RFC was

16

17  _____

18  (2005);  *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations

19  at variance with prior judicial precedents are upheld unless 'they exceeded the

20  Secretary's authority [or] are arbitrary and capricious.'").

1  reasonable.  Tr. 47.  As a non-acceptable medical source, the ALJ was required to

2  consider evidence from Ms. Miller.  *See* 20 C.F.R. §§ 404.1502c, 416.920c

3    The ALJ noted the opinion is somewhat persuasive because it clearly

4  expressed that Plaintiff had not pursued any significant treatment.  Tr. 47.  As

5  supportability is one of the most important factors an ALJ must consider when

6  determining how persuasive a medical opinion is, 20 C.F.R. §§ 404.1520c(c)(1),

7  416.920c(c)(1), a medical provider's supporting explanation and evidence is a

8  relevant consideration when determining the persuasiveness of the opinion.  As

9  discussed *supra,* Plaintiff has received limited treatment for her conditions and

10  generally reported improvement with treatment, as indicated in the medical records

11  Ms. Miller attached to her opinion, Tr. 414-16.

12    The ALJ found Plaintiff is more limited than a medium RFC when

13  considering her lymphedema and obesity, Tr. 47, indicating the opinion is

14  inconsistent with other evidence.  Consistency of an opinion with other medical

15  evidence is also a relevant consideration when determining the persuasiveness of

16  an opinion.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  The ALJ noted

17  elsewhere in the decision that Plaintiff had a BMI as high as 49 during the relevant

18  period, and she sought physical therapy for her lymphedema.  Tr. 46.  The ALJ's

19  finding that Ms. Miller's opinion is partially persuasive is supported by substantial

20  evidence.

ORDER - 20

1    Plaintiff argues the ALJ did not afford proper weight to Ms. Miller's

2  opinion.  ECF No. 15 at 17.  However, Plaintiff's argument does not address the

3  change in the regulations discussed *supra,* and Plaintiff does not identify which

4  portion of the opinion was improperly rejected.  While Plaintiff argues she is not

5  asking the Court to manufacture arguments, ECF No. 17 at 9, she has not set forth

6  an argument with any specificity as to how the ALJ harmfully erred by rejecting

7  Ms. Miller's opinion.

8    Within Plaintiff's summary of the medical evidence, Plaintiff stated Ms.

9  Miller's chart notes included the statement: "Recommend keeping legs elevated."

10  ECF No. 15 at 6-7 (citing Tr. 412-16).  Plaintiff's summary of the vocational

11  expert testimony includes the vocational expert's testimony that an individual who

12  needs to elevate their legs above the heart most of the workday would not be able

13  to work.  ECF No. 15 at 11 (citing Tr. 80).  However, Plaintiff does not cite to any

14  evidence in the record that Ms. Miller, or any other provider, opined Plaintiff needs

15  to elevate her legs above the heart for most of the day.  Further, a finding that Ms.

16  Miller intended her opinion to mean that Plaintiff needs to elevate her legs most of

17  the day, thus preventing her from working, is inconsistent with the evidence as Ms.

18  Miller opined Plaintiff is capable of medium exertion work.  Tr. 407-08.  While

19  Ms. Miller also opined Plaintiff has moderate limitations in her ability to

20  stand/walk, Tr. 408, such opinion is also not disabling considering she found

ORDER - 21

Plaintiff was able to sustain medium exertion work, Tr. 409.  Plaintiff failed to

identify any portion of Ms. Miller's opinion that is disabling, and failed  to

demonstrate how the rejection of the opinion amounted to harmful error.  Further,

as the ALJ's RFC is more restrictive than Ms. Miller's opinion, any error in the

consideration of Ms. Miller's opinion would be harmless.  *See Molina,* 674 F.3d at

1115.

     *2.  Dr. Arnold*

     On October 2, 2017, Dr. Arnold, an examining source,  examined Plaintiff

and provided an opinion on her functioning.  Tr. 420-25.  Dr. Arnold diagnosed

Plaintiff with persistent depressive disorder, late onset (in partial remission);

PTSD, delayed onset, chronic; and noted somatic symptom disorder and borderline

personality features as rule out diagnoses.  Tr. 422.  Dr. Arnold opined Plaintiff has

no limitations in understanding, remembering and persisting in short, simple tasks;

moderate limitations in learning new tasks, performing routine tasks without

special supervision, making simple work-related decisions, asking simple

questions or requesting assistance, and communicating and performing effectively

in a work setting; marked limitations in understanding, remembering and persisting

in detailed tasks, performing activities within a schedule, maintaining regular

attendance and being punctual without special supervision, adapting to changes in

a routine work setting, and being aware of normal hazards and taking appropriate

precautions; severe limitations in completing a normal workday/workweek without interruptions from symptoms; and overall rated Plaintiff's limitations as marked in severity.  Tr. 423.  The ALJ did not specify how persuasive Dr. Arnold's opinion is, but did not incorporate the limitations into the RFC, thereby rejecting the opinion.  Tr. 47.

First, the ALJ found Dr. Arnold's opinion was based on a one-time visit.  Tr. 47.  The claimant's relationship with the provider is a relevant factor in determining the persuasiveness of an opinion.  20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).  The length of the relationship, frequency of examinations, and extent of the treatment relationship are all relevant considerations.  *Id.*  However, the fact that an evaluator examined Plaintiff one time is not a legally sufficient basis for rejecting the opinion; the regulations direct that all opinions, including the opinions of examining providers, should be considered.  20 C.F.R. §§ 404.1520c(a), (c)(3)(v), 416.920c(a), (c)(3)(v).  Plaintiff failed to address this reason, thus any challenge is waived and the Court may decline to review it.  *See Carmickle.*, 533 F.3d at 1161 n.2.  However, the Court finds that the ALJ considered Dr. Arnold's opinion and reasonably found the opinion less persuasive in part because it was based on a one-time examination.  As the ALJ gave other reasons to reject the opinion, as discuss *infra,* the ALJ did not error in finding the opinion less persuasive due to it being based on a single examination.

ORDER - 23

1    Second, the ALJ found Dr. Arnold's opinion was inconsistent with

2    Plaintiff's lack of significant mental health treatment.  Tr. 47.  While the fact that a

3    claimant fails to pursue treatment is not directly relevant to the weight of a medical

4    provider's opinion,  *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c), the consistency

5    of a medical opinion with the record as a whole is a relevant factor in evaluating a

6    medical opinion,  *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  Although the

7    ALJ noted that Plaintiff did not pursue significant mental health treatment, Tr. 47,

8    Plaintiff argues she cooperated with treatment recommendations and mental health

9    counseling was not prescribed, ECF No. 15 at 17.  Treatment records demonstrate

10   Plaintiff sought limited mental health treatment, she generally had normal mental

11   status examinations, and while she reported some symptoms of depression, she

12   also reported improvement with medication.  Tr. 356, 360, 363, 367, 371, 375,

13   378-79, 381, 387, 392, 395, 432-33.  At the examination conducted by Dr. Arnold,

14   Plaintiff had normal appearance, speech, attitude/behavior, thoughts, orientation,

15   memory, fund of knowledge, and concentration, and she had abnormal

16   insight/judgment, with mild/moderate depressed and anxious mood and moderately

17   constricted affect.  Tr. 46, 424-25.  At the examination, Plaintiff reported handling

18   her own cooking, cleaning, spending time with her family, and helping with some

19   care for two young children.  Tr. 422.  While Plaintiff argues her limited treatment

20   is not inconsistent with the opinion as she followed treatment recommendations,

ORDER - 24

the fact that providers did not recommend further treatment and Plaintiff did not demonstrate a need or request further treatment is inconsistent with disabling mental health limitations. The ALJ's finding that Plaintiff's lack of significant mental health treatment is inconsistent with Dr. Arnold's opinion was a specific and legitimate reason, supported by substantial evidence, to reject the opinion. *See Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631.

Third, the ALJ found Dr. Arnold's opinion was inconsistent with Plaintiff's reported symptom complaints. Tr. 47. The consistency of an opinion with other evidence in the record is a relevant consideration in determining the persuasiveness of the opinion. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Plaintiff failed to challenge this reason, thus any challenge is waived and the Court may decline to review it. *See Carmickle*, 533 F.3d at 1161 n.2. However, the Court finds the ALJ's finding that Dr. Arnold's opinion is inconsistent with Plaintiff's symptom complaints is supported by substantial evidence. Plaintiff was repeatedly asked at the hearing which conditions prevent her from working, and she did not testify to having any limitations due to mental health symptoms that prevent her from working. Tr. 45, 61-74. Plaintiff did not testify to any disabling mental health limitations at the hearing, the medical records contain minimal references to mental health symptoms, and Plaintiff generally had normal mental statuses. Tr. 356, 360, 363, 367, 415, 433. The ALJ's finding that Dr. Arnold's opinion is

1   inconsistent with Plaintiff's symptom complaints is a specific and legitimate

2   reason, supported by substantial evidence, to reject the opinion.

3       *3.  Other Medical Opinions*

4       Plaintiff's opening brief summarizes the ALJ's consideration of the State

5   agency opinions.  ECF No. 15 at 15-16.  While Defendant set forth arguments

6   regarding the opinions, ECF No. 16 at 12-14, the Court notes Plaintiff did not

7   present an argument with any specificity in her opening brief.  In her responsive

8   brief, Plaintiff stated the ALJ found the opinions were not particularly persuasive

9   or were somewhat persuasive and there was "no need for the plaintiff in the

10  Plaintiff's Motion for Summary Judgment to elaborate upon their opinions."  ECF

11  No. 17 at 8.  Plaintiff's response indicates she intended only to summarize the

12  opinions rather than to challenge the ALJ's consideration of the opinions, and

13  Plaintiff declined to elaborate on the issue.  Thus, any challenge to those findings

14  is waived and the Court declines to address the issue.  *See Carmickle*, 533 F.3d at

15  1161 n.2.  The Ninth Circuit "has repeatedly admonished that [it] cannot

16  'manufacture arguments for an appellant.'"  *Indep. Towers*, 350 F.3d at 929

17  (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir.1994)).

18  Rather, the Court will "review only issues which are argued specifically and

19  distinctly."  *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th

20  Cir. 2003).  When a claim of error is not argued and explained, the argument is

ORDER - 26

waived.  *Id.* at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th Cir.2001) (finding an allegation of error was "too undeveloped to be capable of assessment").  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 11, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 27